**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5606

PAUL E. TURNER, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, District Judge.
(CR-95-14)

Submitted: February 7, 1996

Decided: February 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul Elton Turner, Jr., Appellant Pro Se. Donald Paul DiCarlo, Jr.,
UNITED STATES ARMY, Fort Monroe, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul Turner appeals from a district court order affirming the conviction, after a jury trial before a magistrate judge of driving under the influence, second offense, and refusal to submit to an alcohol test. See 18 U.S.C.A. §§ 13, 3118 (West Supp. 1995); Va. Code Ann. § 18.2-270 (Michie Supp. 1995). He attacks the conviction on several grounds. When a defendant challenges the sufficiency of the evidence for which he was convicted, this court reviews the evidence in the light most favorable to the government and determines if any reasonable jury could have reached the verdict at issue. United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994), cert. denied , ___ U.S. ___, 63 U.S.L.W. 3627 (U.S. Feb. 21, 1995) (No. 94-7544). Because our review of the record reveals no reversible error, we affirm.

Turner alleges that the trial court erred in denying his motion to dismiss because reasonable suspicion did not exist to warrant his detention to perform field sobriety tests. Military police stopped Turner and his vehicle at the front gates of Fort Monroe at 2:15 a.m. at a check point blockade. The evidence demonstrating that Turner's breath smelled like alcohol, as observed by an officer trained in DUI detection, and that it was 2:15 in the morning and Turner intended to drive onto the base to visit a hotel, is enough to establish reasonable suspicion.

Turner next alleges that there was no evidence demonstrating that his ability to drive was impaired. It was reasonable for the jury to infer that Turner's ability was impaired, although the military police did not observe erratic driving, because he failed two of three field sobriety tests, refused to take another field sobriety test or a blood or breath alcohol test, his eyes were red and bloodshot, his movements and speech were exaggerated, slow, and unsure, he was generally uncooperative, and would not follow directions.

Turner next alleges that admitting a prior DUI conviction record was error and did not establish a second offense. Turner, however, stipulated to the conviction at trial, and the trial transcript shows that the stipulation was intended to show a prior similar conviction.

2

Finally, Turner alleges that because he was not arrested, he should have been acquitted of the refusal charge because the statute requires that the refusal occur after arrest. 18 U.S.C.A.§ 3118. Because military police detained Turner for a hour and a half, an officer involved testified that there was an "arresting officer," and the military police gave Turner summonses reflecting the charges before he was released, Turner was under arrest for the purposes of the statute.

We therefore affirm the district court's order because a reasonable jury could have reached the same verdict and the district court did not abuse its discretion. United States v. Fiel, 35 F.3d 997, 1003 (4th Cir. 1994), cert. denied, ___ U.S. #6D6D 6D#, 63 U.S.L.W. 3627 (U.S. Feb. 21, 1995) (No. 94-7544). We deny Appellant's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3